UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SABRINA MARCUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 4:16-cv-00095 |
| | ) |
| TATE & LYLE INGREDIENTS | ) |
| AMERICAS LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.    NATURE OF COMPLAINT**

1.     Plaintiff, Sabrina Marcus, (hereinafter "Marcus"), by counsel, brings this action against Tate & Lyle (hereinafter "Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*, Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.*, and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*.

**II.    PARTIES**

2.     Marcus is a resident of Tippecanoe County in the State of Indiana, who at all relevant times resided within the geographic boundaries of the Northern District of Indiana.

3.     Defendant is a corporation that maintains offices and conducts business in the Northern District of Indiana.

**III.    JURISDICTION AND VENUE**

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation

1

pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; 42 U.S.C. § 2000e-5(f)(3); and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 42 U.S.C. §2000e(b).

6. Marcus, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

7. At all times relevant to this action, Marcus was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Marcus has a "disability" as that term is defined by 42 U.S.C. §12102(2).

9. Marcus is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and/or Defendant knew of Marcus' disability and/or regarded Marcus as being disabled and/or Marcus has a record of being disabled.

10. Marcus satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against, EEOC Charge No. 470-2016-00354. Marcus received the required Notice of Right to Sue and brings this original action within ninety (90) days of her receipt thereof.

11. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Northern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

12. Defendant hired Marcus, a female, as an operator on or about April 1, 2003.

13. In or about 2003, Marcus was diagnosed with depression and anxiety.

14. Rob Like, Manager, and Susan Hyenga, Safety Manager, were aware of Marcus' diagnosis.

15. At all relevant times, Marcus' work performance met or exceeded Defendant's legitimate performance expectations.

16. In or about 2008, Defendant promoted Marcus to a control room operator.

17. Marcus went on leave under the FMLA for her depression and anxiety on or about June 26, 2015. She returned to work on August 7, 2015.

18. A male employee of the Defendant had been showing a sexually inappropriate video of a different male employee. Defendant was aware of the video and that it was being shown to its employees.

19. Marcus was offended by the video and reported it to Safecall, Defendant's in-house safe line where employees can report wrongdoing, on or about August 7, 2015.

20. In or about late August 2015, Marcus told the male employee who appeared in the video that the video was being shown to other employees. She spoke with the employee so that he would not be surprised if he were contacted regarding any potential investigation based off of her report to Safecall on August 7, 2015.

21. On September 13, 2015, Marcus reported the inappropriate video to Safecall because the video was still being shown.

3

22. On or about September 18, 2015, Marcus met with Dan Kirk, Plant Manager, and Ron Reckhamer, Human Resources Representative, at which time she was placed on administrative leave for allegedly harassing the coworker who appeared in the video.

23. Neither the male coworker showing the video nor the male coworker appearing in the video were placed on administrative leave.

24. On or about September 24, 2015, Defendant terminated Marcus' employment. As alleged justification, Defendant noted that Marcus had harassed the male coworker appearing in the video by alerting him to its existence.

## V. CAUSES OF ACTION

### COUNT I: ADA- DISABILITY DISCRIMINATION

25. Marcus hereby incorporates by reference paragraphs one (1) through twenty-four (24) as if the same were set forth at length herein.

26. Defendant violated Marcus' rights as protected by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. by subjecting her to disparate treatment because of her actual or perceived disability.

27. Defendant's actions were intentional, willful and in reckless disregard of Marcus' rights as protected by the ADA.

28. Marcus has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: GENDER DISCRIMINATION

29. Marcus hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

30. Defendant subjected Marcus to less favorable terms and conditions of her employment due to her gender, including, but not limited to, the termination of her employment.

31. Defendant's actions were intentional, willful and in reckless disregard of Marcus' rights as protected by Title VII of the Civil Rights Act of 1964.

32. Marcus suffered damages as a result of Defendant's unlawful actions.

## COUNT III:  RETALIATION

33. Marcus hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint.

34. Marcus engaged in a protected activity when she reported the sexual harassment.

35. Defendant retaliated against Marcus for engaging in protected activity by terminating her employment.

36. Defendant's actions were intentional, willful and taken in reckless disregard of Marcus' legal rights.

37. Defendant's actions violated Title VII of the Civil Rights Act of 1964.

38. Marcus suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: VIOLATION OF THE FMLA – RETALIATION

39. Marcus hereby incorporates paragraphs one (1) through thirty-eight (38) of her Complaint.

40. Defendant unlawfully retaliated against Marcus for her use of leave that qualified for protection under FMLA.

41. Defendant's actions were intentional, willful and in reckless disregard of Marcus' rights as protected by the FMLA.

42. Marcus suffered damages as a result of Defendant's unlawful actions.

## VI. **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Sabrina Marcus, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Marcus to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; or award her front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages, including, lost future earning capacity under the ADA;

5. Compensatory damages for Defendant's violations of Title VII;

6. Punitive damages for violations of the ADA and Title VII;

7. Liquidated damages for the Defendant's violations of the FMLA;

8. All costs and attorney's fees incurred as a result of bringing this action;

9. Pre- and post-judgment interest on all sums recoverable; and

10. All other legal and/or equitable relief this Court sees fit to grant.


Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
8888 Keystone Crossing, Ste. 1300

Indianapolis, Indiana  46240
Telephone:     (317)575-4120
Facsimile:     (812)424-1005
E-Mail:        ad@bdlegal.com

By:  /s/ Mladenka Rodriguez
Mladenka Rodriguez Atty No. 34201-49
8888 Keystone Crossing, Ste. 1300
Indianapolis, Indiana  46240
Telephone:     (317)575-4120
Facsimile:     (812)424-1005
E-Mail:        mrodriguez@bdlegal.com

Attorneys for Plaintiff, Sabrina Marcus

## **DEMAND FOR JURY TRIAL**

Plaintiff, Sabrina Marcus, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
8888 Keystone Crossing, Ste. 1300
Indianapolis, Indiana  46240
Telephone:     (317)575-4120
Facsimile:     (812)424-1005
E-Mail:        ad@bdlegal.com

By:  /s/ Mladenka Rodriguez
Mladenka Rodriguez Atty No. 34201-49
8888 Keystone Crossing, Ste. 1300
Indianapolis, Indiana  46240
Telephone:     (317)575-4120
Facsimile:     (812)424-1005
E-Mail:        mrodriguez@bdlegal.com

Attorneys for Plaintiff, Sabrina Marcus

8

USDC IN/ND case 4:16-cv-00095-JVB-PRC   document 1   filed 11/22/16   page 8 of 8