# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| Sabrina Marcus, <br><br> Plaintiff, <br><br> v. <br><br> Tate & Lyle Ingredients Americas LLC, <br><br> Defendant. | Case No. 4:16-CV-95 JVB |

## OPINION AND ORDER

Plaintiff Sabrina Marcus was employed with Defendant Tate & Lyle Ingredients Americas. Finding herself stressed and anxious by the demands of her employer (she says the demands were capricious and unjust), she took an FMLA leave. After returning from her leave, she alerted a fellow employee about a sex video featuring the employee circulating among the coworkers. She told the employee about the video because she was going to complain about it to the management and she wanted the employee not to be surprised when this was brought to her attention. The management construed her actions as harassment of the employee and put her on administrative leave. At the end of this leave, she was fired.

In this lawsuit, Plaintiff claims that she was really fired because:

- Defendant discriminated against her because of her actual or perceived disability (Count I);
- Defendant discriminated against her because of her gender (Count II);
- Defendant retaliated against her because she reported sexual harassment (Count III); and
- Defendant retaliated against her because she took the FMLA leave (Count IV).

Defendant seeks to dismiss Counts II and III pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendant submits that Plaintiff failed to exhaust the administrative remedies regarding her gender discrimination and retaliation claims with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff counters Defendant's motion and argues that, although not explicitly brought before the EEOC, the sex discrimination and retaliation claims can be easily inferred from her ADA and FMLA charges. The Court disagrees.

On her EEOC charge form, Plaintiff indicated only that she was seeking relief against disability-based discrimination and retaliation for taking FMLA leave. This is evident by her checking the *Discrimination based on Disability* box and leaving all other boxes, including *Discrimination based on Sex*, unchecked. (Charge of Discr. Form, DE 20-2 at 16.) More importantly, the narrative of the charge is about her being mistreated because of her actual or perceived disability and her taking FMLA leave. (*Id.*) She explains that she is "a qualified individual with a disability," that she complained about work hazards and in return was subjected to hostility and unreasonable demands by her managers, causing her to go on FMLA leave "due to ongoing harassment at work coupled with my increased work load and lack of support from management." (*Id.*) When she returned to work a few months later, harassment had't stopped. But nothing in this charge suggests that her sex played any part in her work conditions.

Although Plaintiff mentions the incident regarding the sex video of another employee and the actions she took as a result, she does so to debunk the employer's stated reason for her firing, not to show that her harassment was sexual in nature or she was treated differently because she is a woman. She concludes her charge narrative with references only to the ADA and FMLA:

> I believe I was continuously harassed by management including overwhelming me with work in retaliation for reporting a safety violation, which ultimately led to my need to take leave under the FMLA, which only increased the harassment and ultimately resulted in my employment being terminated in retaliation for taking FMLA leave. I believe I have been harassed, given extra work, denied assistance, and my employment was terminated in violation of the Americans with Disabilities Act, as amended.

(*Id.* at 17.)

These concerns are mirrored in her attorney's earlier letter to the EEOC. In a four-page narrative, the focus is exclusively on the ADA and FMLA. (*See* Pl.'s Atty. Letter, DE 20-2 at 5–8.) The letter makes no mention of Plaintiff being sexually harassed, or being fired because she complained of sexual harassment, or being fired as a result of sex discrimination. Rather, the letter, just as the charge with the EEOC, is accusing Defendant of violating the ADA and FMLA.

The EEOC construed the Plaintiff's attorney's letter as alleging the ADA violations (EEOC's Letter, DE 20-2 at 10–11). Plaintiff never tried to clarify herself or tell the EEOC that its construction was incomplete. To the contrary, as the administrative proceedings continued, Plaintiff stuck with her original allegations.

In adding the sex discrimination and retaliation charges to her lawsuit, Plaintiff has exceeded the scope of the EEOC charge. Such practice is not allowed as Plaintiff had not given Defendant the opportunity to address her allegations during the administrative process. Just because the word "sexual" appears in the charge, it does not magically become a charge of sex discrimination or retaliation. Something else—an actual basis for such an inference—is needed and it's simply lacking in this case. If Plaintiff believed that she was mistreated because of her sex, she should have made that clear at the outset, as the law requires:

> Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation. What is more, the charge is not the work of a faceless bureaucrat, leaving victims of discrimination helpless to protect themselves.

> Complainants are free to draft and file charges on their own, or hire attorneys to do so, and a charge drafted by the EEOC's staff is not filed unless the complainant signs it—as [plaintiff] did. If she had been dissatisfied with the staff's understanding of her answers, all she had to do was point this out and ask for an addition.

*Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 702 (7th Cir. 1999).

None of the cases upon which Plaintiff relies stand for the proposition that the Court should accept new claims when the charge as a whole did not put Defendant on notice that there may have been more that Plaintiff was complaining about.

For this reason and the reasons stated above, namely because the Court lacks subject matter jurisdiction over Counts II and III, the Court grants Defendant's motion to dismiss (DE 8).

The Clerk is ordered to dismiss Counts II and III of the complaint.

SO ORDERED on September 21, 2017.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE